Matter of Messina (2023 NY Slip Op 00870)

Matter of Messina

2023 NY Slip Op 00870

Decided on February 15, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ROBERT J. MILLER, JJ.

2022-09479

[*1]In the Matter of Joseph C. Messina, admitted as Joseph Charles Messina, an attorney and counselor at law. (Attorney Registration No. 1531649)

APPLICATION pursuant to 22 NYCRR 1240.10 by Joseph C. Messina, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 11, 1977, under the name of Joseph Charles Messina, to resign as an attorney and counselor-at-law.

Courtny Osterling, White Plains, NY (Anthony R. Wynne of counsel), for Grievance Committee for the Ninth Judicial District.
Ruskin Moscou Faltischek, PC, Uniondale, NY (Ross J. Kartez of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The respondent, Joseph C. Messina, admitted as Joseph Charles Messina, has submitted an affidavit sworn to on November 16, 2022, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is currently the subject of an investigation by the Grievance Committee for the Ninth Judicial District based on three complaints involving allegations of professional misconduct. The respondent avers that he cannot successfully defend himself against one or more of the following allegations based upon the facts and circumstances of his professional misconduct: (1) misappropriation of funds received incident to his practice of law; (2) commingling of personal funds with those received incident to his practice of law; (3) failing to maintain separate accounts from accounts maintained as an executor; (4) failing to properly identify his escrow account; (5) failing to maintain required bookkeeping records for his escrow account; and (6) engaging in a conflict of interest.
The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
The respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90(6-a), directing that he reimburse the Lawyers' Fund for Client Protection for any award paid as a result of any misappropriation. He further acknowledges that his resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of this order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign substantially complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. However, contrary to the Grievance Committee's assertion, we find that the respondent's affidavit does not properly address the issue of restitution, as required by 22 NYCRR 1240.10(b)(1) and (2) and part 1240, Appendix A, ¶ 11. Accordingly, the Grievance Committee is directed to pursue the issue of restitution to the extent possible, and the respondent is directed to cooperate with the Grievance Committee in its pursuit of this issue.
LASALLE, P.J., DILLON, DUFFY, BARROS and MILLER, JJ., concur.
ORDERED that the application of the respondent, Joseph C. Messina, admitted as Joseph Charles Messina, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph C. Messina, admitted as Joseph Charles Messina, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Joseph C. Messina, admitted as Joseph Charles Messina, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph C. Messina, admitted as Joseph Charles Messina, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that the Grievance Committee shall pursue the issue of restitution to the extent possible, and Joseph C. Messina, admitted as Joseph Charles Messina, shall cooperate with the Grievance Committee in its pursuit of this issue; and it is further,
ORDERED that if the respondent, Joseph C. Messina, admitted as Joseph Charles Messina, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court